MARIN, PLAINTIFF AND APPELLANT, *v.* ALPS DRUG COMPANY,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action
of Debt and for Rescission of Contract.

No. 2780.—Decided June 15, 1923.

MERCANTILE CONTRACT—EXAMINATION OF MERCHANDISE.—Section 336 of the Code
of Commerce can not operate as a shield for fraud, because under the law
a purchaser is allowed to examine the merchandise at the time of receiving
it and if he does not, he is given further time within which to examine
it and make any claim, and as regards the contention that that statute is
applicable only when the merchandise can be easily examined, it is sufficient
to say that the legislators made no such distinction; therefore, the rule
governs all cases.

ID.—ID.—CLAIM FOR DEFECTS—CAUSE OF ACTION.—There is no presumption that
a vendor has performed his contract by shipping goods in the quantity and
of the quality purchased. If the purchaser fails to make his claim within
the time fixed by section 336 of the Code of Commerce, he has no cause
of action.

ID.—DISCRETION OF COURT—COSTS.—It is a proper exercise of discretion for a
court to adjudge the costs against a plaintiff who brings an action without
cause.

The facts are stated in the opinion.
*Messrs. Benet & Souffront* for the appellant.
*Mr. A. Arnaldo* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Manuel Marín, a merchant of Mayagüez, purchased
from the Alps Drug Co., Inc., through its agent, the Bar-
letta Trading Co., 25,000 cans of Erba magnesia of no par-
ticular description in the order that he signed. In the
middle of August, 1921, he received the merchandise without
examining it upon its delivery and having sold a part of
it to a Yauco druggist, it was returned on October 8th be-
cause each can contained 10 grams of magnesia while the
public was accustomed to another size. Thereupon he
made a claim against the agent and the seller and in Jan-
uary of 1922 brought suit against the Alps Drug Co., Inc.,
for the rescission of the contract and damages, alleging that
he had purchased cans with Spanish labels and containing

half an ounce, or 15 grams, each, and had been sent cans with English labels of 9½ grams each which are hard to sell in Porto Rico.

The trial court dismissed the complaint because no claim was made within four days after the receipt of the merchandise. From that judgment the plaintiff appealed.

The fundamental question in this action arises from the facts stated in connection with various provisions of the Code of Commerce.

Article 325 of the Code of Commerce provides that a purchase and sale of personal property for the purpose of resale, either in the form purchased or in a different form, for the purpose of deriving profit in the resale, shall be considered commercial; therefore, there is no doubt that the contract involved in this action is commercial and no discussion is necessary on this point because the parties do not deny it.

With regard to that class of contracts the said code provides as follows:

"Art. 336.—A purchaser who, at the time of receiving the merchandise carefully examines the same, shall have no right of action against the vendor, alleging a defect in the quantity or quality of the merchandise.

"A purchaser shall have a right of action against a vendor for defects in the quantity or quality of merchandise received in bales or packages, provided he brings his action within four days following its receipt, and that the average is not due to accident or to the nature of the merchandise or to fraud.

"In such cases the purchaser may choose between the rescission of the contract or its fulfilment in accordance with what has been agreed upon, but always with the payment of the damages he may have suffered by reason of the defects or faults.

"The vendor may avoid this claim by demanding when making the delivery that the merchandise be examined fully by the purchaser with regard to the quantity and quality thereof.

"Art. 942.—The periods fixed in this code for bringing the ac-

tions arising from commercial contracts can not be extended and are without recourse."

According to these statutes the law contemplates that claims arising from commercial contracts of purchase and sale shall be asserted between the parties within a short time in order to facilitate contracting, and for this reason it declares not only that if at the time of receiving the merchandise the purchaser examines it he shall have no right of action against the seller for defects in the quantity or quality thereof, but also that the seller may demand an examination of the merchandise at the time of delivery so as to avoid subsequent claims, and fixes a short time within which the buyer may make his claim when he fails to examine the merchandise when received. And for attaining the end contemplated the lawmakers declared also that the periods fixed for bringing action shall be absolute.

Applying these statutes to this case it follows that as the purchaser allowed more than four days to pass from the time of the receipt of the merchandise before bringing his action for rescission and damages for defects in the quality of the merchandise, he has no right of action against his vendor.

The appellant alleges however that application of those provisions of the Code of Commerce to cases like the present would serve as a basis for encouraging frauds and that said article 336 of the Code is applicable only when the merchandise may be examined at sight, but not when the defects are latent, and much less so when the buyer has the right to presume that the seller has complied with the express terms of the contract, citing the case of R. R. Pesquera & Co. v. Mari Bros., 23 P. R. R. 592.

The article to which the appellant refers can not operate as a shield for fraud, because under the law a purchaser is allowed to examine merchandise at the time of receiving

it and if he does not he is given further time within which to examine it and make his claim. This period of time is short, it is true, but the legislators deemed it reasonable considering the haste in commercial transactions. As regards the contention that that statute is applicable only when the merchandise can be easily examined, and not in other cases, it is sufficient to say that the legislators made no such distinction as the appellant suggests, but established the rule for all cases; therefore, this court has no authority to make the distinction. With respect to the contention that the purchaser has a right to presume that the vendor has complied with his contract, it seems that the legislators did not recognize such a presumption, for they enacted that the purchaser should examine the merchandise upon receiving it or within the next four days thereafter.

It remains to consider the case cited by the appellant.

Our opinion in the *Pesquera Case, supra,* is not applicable to this case because there the question was not whether the claim was made within four days after the receipt of the merchandise and, therefore, article 336 of the Code was not taken into consideration. In that case the firm of Pesquera bought from Marí Brothers a certain amount of honey by sample and the seller was to ship it to a certain New York house perfectly pure and in new casks, but the honey that they had sold arrived at the place of destination fermented and in old casks. In view of those facts the trial court dismissed the complaint for the reason that in accordance with article 327 of the Code of Commerce, before receiving the merchandise the purchaser should have ascertained whether it was of the same quality as the sample given him and if it was not he should have refused to receive it, for after its receipt and sale to a third person it could not be ascertained whether or not it was the same and that the fact that the

purchaser had disposed of the honey amounted to an acceptance and consummation of the contract. And we then held that the question was not whether the purchaser could not refuse to receive the honey, but whether the vendor had violated his contract and was bound to pay for the damages caused.

The appellant also alleges that he should not have been mulcted in costs for a mere legal technicality. There is no such technicality, but a clear statute providing that the buyer must bring his action within a certain time, and having done so after the time had expired, he unnecessarily molested the appellee and was properly mulcted in costs.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.